# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRREX SYSTEMS LLC, <br><br> Plaintiff <br><br> v. <br><br> CYNOSURE, INC., <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cirrex Systems LLC ("Cirrex") alleges as follows:

### PARTIES

1. Cirrex is a Delaware limited liability company with a principal place of business located at 4425 Mariners Ridge, Alpharetta, Georgia 30005.

2. Defendant Cynosure, Inc. ("Cynosure" or "Defendant") is a Delaware corporation with a principal place of business at 5 Carlisle Road, Westford, Massachusetts 01886. Cynosure has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      Defendant is a corporation organized and existing under the laws of the State of Delaware and has established minimum contacts with the forum state of Delaware. Thus, Defendant has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

6.      Optical technologies empower telecommunications, photonic instrumentation, and biomedical devices. For the past two decades, Cirrex has pioneered the development of optics, optical systems, and optical fabrication related to process control and the chemistry of fiber optics. The main objective has been to find solutions that photonic technologies can provide that will benefit instrumentation, communications, and healthcare. To date, Cirrex's innovation process has provided various novel technologies including shaping the tips of fibers, and combining the effects of multiple conventional optical elements such as filters, mirrors, prisms, and lenses; these are fashioned into highly complex designs on a microscopic scale, enabling fiber optics and lasers to attain uses at a fraction of the size and cost previously thought possible.

## THE ASSERTED PATENTS

7.      Cirrex is the owner by assignment of U.S. Patent No. 5,953,477 (the "'477 patent"). The '477 patent is entitled "Method And Apparatus For Improved Fiber Optic Light Management." The '477 patent issued on September 14, 1999. A true and correct copy of the '477 patent is attached hereto as Exhibit A.

8.     Cirrex is the owner by assignment of U.S. Patent No. 6,144,791 (the "'791 patent"). The '791 patent is entitled "Beam Steering For Optical Fibers And Other Related Devices." The '791 patent issued on November 7, 2000. A true and correct copy of the '791 patent is attached hereto as Exhibit B.

## COUNT I
### (Infringement of U.S. Patent No. 5,953,477)

9.     Cirrex references and incorporates by reference paragraphs 1 through 8 of this Complaint.

10.    Cynosure has been and still is infringing at least claim 17 of the '477 patent, literally and under the doctrine of equivalents, by using, selling, offering to sell, or importing, without license or authority, products incorporating shaped-tip fibers, including, but not limited to, products incorporating Cynosure's SideLaze800 and SideLaze3D fiber. On information and belief, Cynosure products, including, but not limited to, its PrecisionTx product incorporate the SideLaze800 fiber. On information and belief, Cynosure products, including, but not limited to, its Cellulaze product incorporate the SideLaze3D fiber.

11.    By way of example only, with reference to claim 17 of the '477 patent, the products made, used, sold, offered for sale, and/or imported by Cynosure containing a shaped-tip fiber having an internal beam steering mechanism comprising a main section having a circular cross section and defining a longitudinal axis along which light propagates through the optical fiber. The optical fiber contains an end face through which the light passes as well as an internally reflective surface that is asymmetrical with respect to the longitudinal axis and shaped so as to steer light between the main section and the end face. Light passes through the end face of the shaped-tip optical fiber and

reflects off the internally reflective surface to define an external optical axis that diverges from the longitudinal axis.

12. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '477 patent.

13. As a result of Cynosure's infringement of the '477 patent, Cirrex has suffered monetary damages in an amount adequate to compensate for Cynosure's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cynosure, together with interest and costs as fixed by the Court, and Cirrex will continue to suffer damages in the future unless Cynosure's infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining Cynosure and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '477 patent, Cirrex will be greatly and irreparably harmed.

## **COUNT II**
**(Infringement of U.S. Patent No. 6,144,791)**

15. Cirrex references and incorporates by reference paragraphs 1 through 14 of this Complaint.

16. Cynosure has been and still is infringing at least claim 20 of the '791 patent, literally and under the doctrine of equivalents, by using, selling, offering to sell, or importing, without license or authority, products incorporating shaped-tip fibers, including, but not limited to, products incorporating Cynosure's SideLaze800 and SideLaze3D fiber. On information and belief, Cynosure products, including, but not limited to, its PrecisionTx product incorporate the SideLaze800 fiber. On information

and belief, Cynosure products, including, but not limited to, its Cellulaze product incorporate the SideLaze3D fiber.

17. By way of example only, with reference to claim 20 of the '791 patent, the products made, used, sold, offered for sale, and/or imported by Cynosure containing a shaped-tip fiber with an internal beam steering mechanism comprising a main section defining a longitudinal axis along which light comprising photons propagates through the main section. The optical fiber contains an end face and a means for deflecting at least a portion of the photons propagating within the optical fiber while such photons are propagating within the optical fiber, whereby the optical pattern of photons passing through the end face and deflected by the deflecting means defines an external optical axis that diverges from the longitudinal axis.

18. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '791 patent.

19. As a result of Cynosure's infringement of the '791 patent, Cirrex has suffered monetary damages in an amount adequate to compensate for Cynosure's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cynosure, together with interest and costs as fixed by the Court, and Cirrex will continue to suffer damages in the future unless Cynosure's infringing activities are enjoined by this Court.

20. Unless a permanent injunction is issued enjoining Cynosure and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '791 patent, Cirrex will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Cirrex prays for the following relief:

1. A judgment that Cynosure has infringed one or more claims of the '477 and/or '791 patents;

2. A permanent injunction enjoining Cynosure and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '477 and/or '791 patents;

3. An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order requiring Cynosure to provide an accounting and to pay supplemental damages to Cirrex, including, without limitation, prejudgment and post-judgment interest; and

5. Any and all other relief to which Cirrex may show itself to be entitled.

## JURY TRIAL DEMANDED

Cirrex hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: May 28, 2014 | **BAYARD, P.A.** |
| OF COUNSEL: | */s/ Stephen B. Brauerman* <br> Richard D. Kirk (rk0922) |
| Marc A. Fenster <br> Daniel P. Hipskind <br> RUSS, AUGUST & KABAT <br> 12424 Wilshire Boulevard 12th Floor <br> Los Angeles, California 90025 <br> (310) 826-7474 <br> mfenster@rawklaw.com <br> dhipskind@raklaw.com | Stephen B. Brauerman (sb4952) <br> Vanessa R. Tiradentes (vt5398) <br> Sara E. Bussiere (sb5725) <br> 222 Delaware Avenue, Suite 900 <br> Wilmington, DE 19801 <br> (302) 655-5000 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br> vtiradentes@bayardlaw.com <br> sbussiere@bayardlaw.com |
| | *Attorneys for Plaintiff Cirrex Systems LLC* |